**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LARRY DAVID SMITH,

        *Plaintiff,*

*v.*

REBECCA BRADLEY, et al.,

        *Defendants.*

_____/

Case No. 2:24-cv-11677

Mark A. Goldsmith
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## <u>ORDER DENYING PLAINTIFF'S MOTIONS (ECF Nos. 111, 112)</u>

This is a prisoner civil rights case.  Before the Court are Plaintiff's motions for an extension of time to respond to the pending motion for judgment on the pleadings (ECF No. 111) and to reissue the discovery order (ECF No. 112).  For the reasons set forth below, these motions will be **DENIED**.

Due to Plaintiff's recent release from prison and change of address, he did not receive the original copies of either the motion for judgment on the pleadings nor the order directing him to file a response to the same that were mailed to him. Defense counsel does not object to Plaintiff being given an extension to respond to the motion for judgment on the pleadings.  (ECF No. 111, PageID.1249).  Such circumstances generally amount to good cause warranting modification of a

1

scheduling order, *see* Fed. R. Civ. P. 16(b)(4), as was the case here.

Once the Court received the copy of the order sent to Plaintiff back from USPS, it *sua sponte* entered an order resetting the briefing deadlines for the motion for judgment on the pleadings.  (ECF No. 110).  Plaintiff's response is now due by May 4, 2026, and Defendants' reply is due by May 18.  (*Id.*).  Thus, Plaintiff has already obtained the relief sought and has not shown good cause for any further extension at this time.  Plaintiff may file a new motion for an extension if, as the deadline nears, he finds that he needs additional time to finish drafting his response.

Plaintiff also requests time to conduct discovery before having to file his response to the motion for judgment on the pleadings (ECF No. 111, PageID.1250) and for the Court to reissue the scheduling order (ECF No. 112).  Both requests will be denied because the pending dispositive motion is one for judgment on the pleadings, which means that the Court will resolve the motion based solely on the pleadings.  *See* Fed. R. Civ. P. 12(c).  In federal court, pleadings are limited to the following: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."  Fed. R. Civ. P. 8(a).  As such, information learned through discovery is irrelevant to a motion for judgment on the pleadings.  If any claims survive, the Court will issue a new scheduling order giving the parties an

2

opportunity to conduct discovery.

For these reasons, Plaintiff's motions for an extension of time to respond to the pending motion for judgment on the pleadings (ECF No. 111) and to reissue the discovery order (ECF No. 112) are **DENIED**.

**IT IS SO ORDERED.**

Date:  April 15, 2026                                    s/PATRICIA T. MORRIS
                                                         Patricia T. Morris
                                                         United States Magistrate Judge